IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-72,199-01






IN RE COY REECE









ON MOTION FOR EMERGENCY RELIEF, MOTION FOR LEAVE TO FILE
APPLICATION FOR WRIT OF HABEAS CORPUS, AND APPLICATION FOR
WRIT OF HABEAS CORPUS FROM CAUSE NO. 08-03836

IN THE 191ST DISTRICT COURT

DALLAS COUNTY




 Per Curiam. 


O R D E R



 We have before us a motion for emergency relief, a motion for leave to file an
application for writ of habeas corpus, and an application for writ of habeas corpus.

 Applicant is currently involved in a civil suit for damages. During a deposition taken
in the underlying civil case, applicant allegedly committed perjury. The plaintiff below filed
a motion for sanctions and to compel applicant to comply with the court's discovery orders. 
The trial court held applicant in contempt for lying during a deposition and ordered that he
be immediately confined in the Dallas County jail from May 28, 2009, until June 11, 2009. 
Applicant sought habeas relief from the Fifth Court of Appeals on May 29, 2009. The court
of appeals granted applicant's request for emergency relief and ordered him discharged from
confinement. On June 11, 2009, the court of appeals dismissed applicant's petition for want
of jurisdiction and vacated its order granting him emergency relief from the contempt
judgment. Plaintiff below has filed a motion for the trial court to enter a new commitment
order, and applicant has been subpoenaed to appear before the court on June 19, 2009.

 Applicant has now filed for emergency relief in this Court and for leave to file an
original application for writ of habeas corpus. In his plea for emergency relief, applicant
contends that he is under imminent threat of re-confinement and asks this Court to grant his
motion for emergency relief and temporarily stay the enforcement of the trial court's
contempt judgment during the pendency of his original writ proceeding.

 However, the trial court's order committing applicant to custody under the contempt
order has expired. Therefore, applicant is not under restraint under the contempt order
attacked in his habeas application. Thus, applicant has failed to properly invoke the original
habeas corpus jurisdiction of this Court. See Ex parte Eureste, 725 S.W.2d 214 (Tex. Crim.
App. 1986). Applicant's motion for emergency relief is denied, and he is denied leave to file
an application for habeas corpus.

 IT IS SO ORDERED THIS THE 17TH DAY OF JUNE, 2009.

Do Not Publish